# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DIOMEDES JIMENEZ-TAPIA, *et al.*, <br><br>**Plaintiffs**, <br><br>v. <br><br>SANTANDER BANK PR, *et at.*, <br><br>**Defendants.** | Civil No. 16-2760 (FAB) |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Before the Court are six motions to dismiss filed by defendants Sergio A. Ramirez de Arellano, d/b/a Bufete Sergio Ramirez de Arellano ("Ramirez"), Miguel Ortiz ("Ortiz"), KCF Property Inspection Group, Inc. ("KCF Property"), Irmarie Rivera-Miranda ("Rivera"), Namyr I. Hernandez-Sanchez[2] ("Hernandez"), Banco Popular de Puerto Rico[3] ("Banco Popular"), Santander Bank ("Santander"), Luis Ramirez-Vicens ("Ramirez-Vicens"), and Home Mortgage Bankers ("Home Mortgage"). (Docket Nos. 13, 16, 18, 19, 21, 34, and 35.) Plaintiffs Diomedes Jimenez-Tapia ("Jimenez"),

---

[1] Audrey Mulholland, a second-year law student at American University Washington College of Law, assisted in the preparation of this Opinion and Order.

[2] Hernandez filed a motion to join defendants Ramirez, Ortiz, and KCF Property's motions to dismiss. (Docket Nos. 13 and 16.)

[3] Plaintiffs consistently refer to Banco Popular de Puerto Rico as Popular Bank throughout their pleadings.

Euripides Del Villar-Rosario ("Del Villar"), and Jose M. Albandoz-Rodriguez ("Albandoz") brought this action against defendants[4] alleging numerous constitutional and statutory violations.[5]

Defendants move to dismiss plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failing to state a claim upon which relief can be granted. Defendant Banco Popular additionally moves to dismiss plaintiffs Jimenez and Del Villar's claims for lack of standing.[6] Plaintiffs oppose the motions. (Docket Nos. 36 and 37.) For the reasons set forth, the Court **GRANTS** defendant Banco Popular's motion to dismiss for lack of standing, **GRANTS** defendants' Rule 12(b)(6) motions and

---

[4] Other defendants include Yuannie Arroyo-Casillas, Mireya Santos-Soto, Sheila M. Garcia-Barrios, Alessandrina Casela-Villani, and Charles de Jesus-Cruz. (Docket No. 1.)

[5] Plaintiffs claim defendants violated the 4th, 5th, 8th, 13th, and 14th Amendments of the Constitution; Civil Rights Act; Americans with Disabilities Act ("ADA"); Fair Housing Act ("FHA"); Equal Credit Opportunity Act ("ECOA"); Real Estate Settlement Procedures Act ("RESPA"); Racketeer Influenced and Corrupt Organizations Act ("RICO"); Truth in Lending Act ("TILA"); Home Ownership and Equity Protection Act ("HOEPA"); and Whistleblower Protection Act ("WPA"). (Docket No. 1.) Plaintiffs also claim defendants were involved in money laundering, tax fraud violations, and Ponzi schemes. Id.

[6] Defendants Banco Popular, Santander, Ramirez-Vicens, and Home Mortgage also move to dismiss plaintiffs' claims pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. Because the court is dismissing all plaintiffs' claims pursuant to Rule 12(b)(6) the court will not address these contentions.

dismisses *sua sponte* all plaintiffs' claims against the remaining defendants pursuant to Rule 12(b)(6).

## I.   STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) often "turns on the complaint's compliance with Rule 8(a)(2)" which stipulates that every complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 8 (1st Cir. 2011) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive a Rule 12(b)(6) motion, a complaint must also contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp., 550 U.S. at 570.  A court must decide whether the complaint alleges sufficient facts to "raise a right to relief above the speculative level."  Id. at 555.  In doing so, a court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor.  Parker v. Hurley, 514 F.3d 87, 90 (1st. Cir. 2008).

The Court should construe a *pro se* plaintiff's complaint liberally, regardless of how inartfully pled.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Johnson v. Rodriguez, 943 F.2d 104, 107

(1st Cir. 1991). In evaluating a *pro se* plaintiff's complaint, the Court can examine other pleadings, including responses to motions, to understand the full scope of plaintiff's claim. See Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003).

## I.  BACKGROUND

Plaintiffs Jimenez, Del Villar, and Albandoz filed a *pro se* complaint on September 30, 2016 against sixteen defendants alleging a myriad of statutory and constitutional violations. (Docket No. 1.) The complaint insinuates that plaintiffs' claims arise from the foreclosure of a home sold at public auction on order of a Puerto Rico state court. Id. at p. 9. The home appears to have been previously owned by Albandoz, who took out a $153,000 mortgage loan from Home Mortgage Bankers in 2007 to purchase the property. (Docket No. 1-4 at p. 5.) Plaintiffs allege wrongful actions regarding the mortgage contract including "promissory note manipulation and reselling" by the defendant banks without the plaintiffs' consent. Id. at 8. The remainder of the facts are murky and it is unclear how each of the plaintiffs and defendants are connected to this case.

## II.  DISCUSSION

Plaintiffs' complaint is disjointed and incoherent. The Court, and undoubtedly defendants, had a strenuous task in attempting to decipher the plaintiffs' claims and requested

remedy.  Plaintiffs in their pleadings rely heavily on attached exhibits from a Puerto Rico state court case regarding a related cause of action.  (Docket Nos. 1 at p. 10; 36 at p. 17.)  A large portion of these documents are in Spanish.  Pursuant to 48 U.S.C. § 864 and Local Rule 5(g) all documents in proceedings before the United States District Courts must be translated into English.[7] 48 U.S.C. § 864; D.P.R. Loc. Civ. 5(g).  Because these documents have not been translated into English they cannot be relied upon to support a claim or flesh out the cause of action.  See <u>Gonzalez-De Blasini v. Family Dept.</u>, 377 F.3d 81, 89 (1st Cir. 2004) ("The district court should not have considered any documents before it that were in the Spanish language.").  While some of the supporting documents are in English, they are equally difficult to comprehend and do not provide much insight into the State court case or plaintiffs' claims.

The Court will address defendants' motions to dismiss in light of the incoherence of the complaint and the inadmissibility of some supporting exhibits.

---

[7] The plaintiffs requested this Court to require defendants to translate the documents from Spanish into English, but it is plaintiff's duty to do so.  (Docket No. 2.)  The Court denied this request and gave the plaintiffs until January 31, 2017 to file certified translations.  (Docket No. 5.)  Plaintiffs did not meet this deadline.

**A.   Standing**

Defendant Banco Popular independently contends that plaintiffs Jimenez and Del Villar lack standing to bring a claim because the complaint does not fully address their interest in the property and foreclosure proceedings. (Docket No. 21 at p. 6.) The Supreme Court has articulated a three-part test to determine whether a plaintiff has standing to bring a claim. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). The plaintiff must have (1) suffered an injury in fact (2) caused by the defendant's conduct, (3) that is likely to be redressed by a favorable judicial decision. Id. It is difficult to evaluate plaintiffs Jimenez and Del Villar's standing to bring a claim because no cognizable claim is articulated in the complaint. The Court agrees, however, that both Jimenez and Del Villar have failed to identify any connection to the case because they are rarely mentioned in the complaint and supporting exhibits. Thus, those two plaintiffs have failed to allege any injury-in-fact, which is the first requirement in establishing standing. For this reason, defendant Banco Popular's motion to dismiss plaintiffs Jimenez and Del Villar's claims for lack of standing is **GRANTED.**

**B.   Rule 12(b)(6)**

Defendants contend that plaintiffs' complaint fails to meet the minimum pleading requirements and does not state a plausible

claim upon which relief may be granted. (Docket Nos. 13, 16, 18, 21, 34, and 35.) A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, this statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011) (quoting Bell Atl. Corp., 550 U.S. at 555). At a minimum, the claim must demonstrate who, what, when, where, and why. See Educadores Puertorriqueños en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although *pro se* plaintiffs' complaints are to be viewed liberally, they still must satisfy a pleading standard that provides notice of their claim to the defendants. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) ("*[P]ro se* status does not insulate a party from complying with procedural and substantive law.").

Plaintiffs' complaint is strictly conclusory at best. It is unclear from the complaint what precisely the plaintiffs are arguing. The attached exhibits and partial responses do not provide any further clarity. Although the overarching cause of action is related to a home foreclosure, the Court is at a loss attempting to decipher what exactly has occurred. Based upon even the broadest reading of the complaint and partial responses, the plaintiffs have failed to allege coherent facts sufficient to

establish any claim against defendants.  Although plaintiffs enumerate a plethora of statutory violations, the "pleadings are so vague and conclusory that [the Court] can discern no facts pleading a claim." Gilbuilt Homes, Inc. v. Cont'l Homes of New England, A Division of Wylain, Inc., 667 F.2d 209, 213 (1st Cir. 1981).  The plaintiffs have therefore not satisfied the minimum pleading requirements and have not stated a plausible claim upon which relief can be granted.[8]  For this reason, defendants' Rule 12(b)(6) motion is **GRANTED**.

**C.**  *Sua Sponte* **Dismissal**

Although remaining defendants Yuannie Arroyo-Casillas, Mireya Santos-Soto,[9] LexTerra, Sheila M. Garcia-Barros, Alessandrina Casale-Villani, and Charles De Jesus-Cruz have not moved for dismissal under Rule 12(b)(6), the Court will dismiss the claims against them *sua sponte*.  "Sua sponte dismissals should be used sparingly, but are appropriate if it is 'crystal clear that the

---

[8] Defendants Banco Popular, Santander, Ramirez-Vicens, and Home Mortgage also contend that plaintiffs have not satisfied the heightened pleading requirements for bringing a fraud accusation pursuant to Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b); (Docket Nos. 21, 34, and 35.)  Because the plaintiffs have failed to meet even the minimum pleading requirements or sufficiently assert any claim, the Court need not address this argument.

[9] Mireya Santos-Soto has filed a motion to dismiss for improper service, however, the Court still holds that the claims against her should be dismissed pursuant to Rule 12(b)(6).

plaintiff cannot prevail and that amending the complaint would be futile.'" Landrau v. Solis Betancourt, 554 F. Supp. 2d 102, 114 (D.P.R. 2007) (Besosa, J.) (citations omitted). *Sua sponte* dismissals are generally "erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond." Chute v. Walker, 281 F.3d 314, 318 (1st Cir. 2002) (quoting Futura Dev. of P.R., Inc. v. Estado Libre Asociado de P.R., 144 F.3d 7, 13-14 (1st Cir. 1998). Even without prior notice, however, *sua sponte* dismissals will be upheld where "the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption." Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001). That is the situation here.

Plaintiffs have already received notice of the Rule 12(b)(6) motions against them and have had ample opportunity to amend their complaint. In their responses to defendants' motions, they have also been unable to clarify any of their claims. (Docket Nos. 36 and 37.) The inadequacy of the responses provides evidence that an amendment to the complaint would be equally futile. Plaintiffs' fail to allege sufficient facts to support any plausible claim against any of the defendants. For these reasons the court **DISMISSES** *sua sponte* all plaintiffs' claims against the nonmoving defendants pursuant to Rule 12(b)(6).

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** defendant Banco Popular's motion to dismiss plaintiffs Jimenez and Del Villar's claims for lack of standing, **GRANTS** defendants' 12(b)(6) motions in regards to all defendants with respect to all statutory and constitutional claims.  All claims against all defendants are **DISMISSED WITH PREJUDICE.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 21, 2017.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
